IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNA HAYS,

    Plaintiff,

v.                                          Civ. No. 14-823 SCY

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

    Defendant.

## ORDER

THIS MATTER comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 27. Plaintiff seeks $6,602.50 in attorney's fees. The Commissioner filed a response in opposition (ECF No. 28), and Plaintiff filed a reply (ECF No. 29). Having reviewed the briefing, the record, and the relevant law, the Court DENIES the motion for EAJA fees in the amount requested.

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner argues only that her position was substantially justified. Her "position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation marks omitted). "[T]he government's position

must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). "In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.*

Plaintiff raised two issues for review in her motion to remand. ECF No. 18. Plaintiff first argued that the ALJ failed to use the correct legal standards in weighing the treating source evidence. ECF No. 18 at 4. Second, Plaintiff contended that the ALJ's RFC analysis was deficient. ECF No. 18 at 4. The Court ultimately only considered Plaintiff's first argument and remanded on that basis. ECF No. 25. In so ruling, the Court concluded the "ALJ's failure to acknowledge Dr. Dalton as a treating psychiatrist, to adequately discuss his opinions, to state the weight given to those opinions, and to justify giving those opinions less than controlling weight, constitut[ed] reversible error." ECF No. 25 at 8.

In contending that its position was substantially justified, Defendant emphasizes that on two occasions the Court stated that its determination was a "close call." ECF No. 25 at 7-8. Defendant highlights the Court's statements that Dr. Dalton's reports contained very little narrative and especially lacked narrative in regard to Plaintiff's work related abilities. This Court

further acknowledged that nothing in the narrative portions of Dr. Dalton's reports appeared to contradict the ALJ's ultimate conclusion—although non-narrative portions did—and that the ALJ's ultimate conclusion was supported by examining and consulting medical doctors. ECF No. 25 at 8. Plaintiff, on the other hand, contends that there was no "close call" because the Court concluded that the ALJ committed reversible error in not adequately considering Dr. Dalton's reports. ECF No. 29. Plaintiff further argues that Defendant's position constituted post-hoc rationalization of the ALJ's failure to address Dr. Dalton's opinion and therefore cannot be substantially justified. *See Hernandez v. Colvin*, No. Civ. 14-00143, ECF No. 19 (D.N.M. May 8, 2015) (stating that where the Commissioner attempts to cure an ALJ's errors based on reasons the ALJ did not explicitly cite, the denial of attorney's fees is improper).

As an initial matter, the Court rejects Plaintiff's arguments. Plaintiff's first contention that there was no "close call" because the Court ultimately agreed with Plaintiff disregards the standard of review. As stated in *Hadden*, the success or failure of the Commissioner's argument is not determinative of whether that position was substantially justified. 851 F.2d at 1267. As for Plaintiff's second argument that Defendant's position was post-hoc rationalization, the Court notes that Plaintiff does not argue with any specificity as to what portions of Defendant's argument constitute post-hoc rationalization. Further, upon review of the Court's memorandum and opinion order, the Court finds no instance in which it specifically rejected any of Defendant's arguments on this basis.

Although the Court rejects Plaintiff's contentions, it remains Defendant's burden to establish that its position was substantially justified. As noted above, Defendant contends that its position was substantially justified because the errors the Court found in the ALJ's decision were tempered by the sparse nature of Dr. Dalton's reports. Based on the Court's review of its earlier

decision, the Court agrees with Defendant's assessment. This Court analyzed the ALJ's failure to address Dr. Dalton's opinion on two fronts: those failures related to the GAF scores and the ALJ's analysis of the non-narrative portion of Dr. Dalton's reports. ECF No. 25 at 8. In regard to the GAF scores, the Court noted that while Dr. Dalton's status as a treating physician increased the significance of his GAF scores, the absence of notes or narrative supporting the scores, as well as the likelihood that Dr. Dalton appeared to have adopted the scores from other therapists who met with Plaintiff, reduced the significance of the GAF scores. ECF No. 25 at 10. Ultimately, while the Court agreed with Plaintiff that the ALJ's analysis of the GAF scores was deficient, it was reasonable for Defendant to contend that ALJ did not err in according the GAF scores limited weight.

As for the failure to address the non-narrative portions of Dr. Dalton's reports, the Court acknowledged the likelihood that had the ALJ properly considered Dr. Dalton's opinions, he may have justifiably reached the same conclusion. While the Court did not engage in a harmless error analysis due to Defendant's failure to argue that the error was harmless, this does not detract from the fact that Dr. Dalton's opinions were far from clear in regard to the extent of Plaintiff's limitations. ECF No. 25 at 15. Furthermore, the Court reversed, in part, on the basis that the ALJ failed to conduct a proper treating physician analysis. But even on this point, the Court acknowledged that the ALJ did appear to consider Dr. Dalton's treatment records just not with the specificity required for the Court to discern how the ALJ analyzed and accorded weight to Dr. Dalton's opinions. ECF No. 25 at 13. Accordingly, the Court reiterates that this case, indeed, presented a close-call and Defendant was substantially justified in defending the ALJ's decision.

Because the Court concludes that Defendant's position was substantially justified, the Court DENIES Plaintiff's Motion for Attorney Fees (ECF No. 27).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE